Walter D. RAGSDALE et ux., Appellants,

v.

Irma GRIFFIN et vir, Appellees.

No. 5635.

Court of Civil Appeals of Texas.

El Paso.

June 10, 1964.

Rehearing Denied June 24, 1964.

Jack L. Hart, Midland, Luther E. Jones, Jr., Corpus Christi, for appellants.

Clark, Thomas, Denius & Winters, and James H. Keahey, Austin, for appellees.

FRASER, Chief Justice.

This is a trespass to try title action brought by appellants involving a royalty interest and two mineral interests in certain lands in Winkler County, Texas. In compliance with Rule 783, Texas Rules of Civil Procedure, appellants pleaded that they are "the owners in fee simple and entitled to the possession" of these interests, and that "on the 1st day of August, 1962 the defendant unlawfully entered upon and dispossessed the plaintiffs of such premises and now withholds from plaintiffs the possession thereof." Defendant, joined pro forma by her husband, answered "not guilty". Trial was to the court without a jury, and the court entered judgment containing findings of fact and holding that appellants take nothing and that appellee Irma Griffin be vested with all the right, title and interest in and to the involved property.

Defendant was, in 1929, married to N. H. (or Newman) Hill. In 1933 they separated and were divorced. Defendant testified that they had an agreement before the divorce that she was to keep the car she was driving and whatever property the couple had in Texas, and that he was to keep the car he was driving and all property, including bank accounts, real estate, oil interests, etc., outside of the State of Texas. Defendant testified that this agreement was consummated or verified by letter, which she kept for many years and as to the contents of which she was permitted to testify. There was no other documentary evidence executed at that time. Defendant was permitted to claim and collect the checks from the oil companies on these interests in Texas up until the death of her first husband, N. H. Hill, in 1948. His will left everything to his mother, but did not mention any of these interests or describe them, nor were they

included in any inventory of his estate. His mother died in 1952, and this action was brought by descendants in 1962.

Appellants have presented some 21 points of error. We will treat these, however, in groups for the sake of brevity and clarity.

■ We believe that the decision of the trial court should be affirmed for the following reasons. As to the royalty interest, appellees maintain—and we think successfully—that appellants failed to prove any present right of possession to the royalty interest. It has been held that a royalty interest carries with it no possessory right in the property. Stephens County v. Mid-Kansas Oil & Gas Company, 113 Tex. 167, 254 S.W. 290, 29 A.L.R. 566; State of Texas v. Dayton Lumber Co., 106 Tex. 41, 155 S.W. 1178. We believe the above cases are controlling with respect to the royalty interest. Title to the royalty interest, therefore, could not be destroyed by this sort of action, because it would be impossible to prove a right of possession, as none exists under the terms of a royalty interest. Appellees, who were defendants, pleaded "not guilty", which put all the necessary elements in issue and, of course, appellants were unable to prove right of possession in their trespass to try title suit, and therefore their suit must fail for that reason, in so far as the royalty interest is concerned.

■ It does not seem to be contested that N. H. Hill was the common source or original owner of the property herein involved, as far as this lawsuit is concerned, as both sides appear to claim under and through him. We do not believe the record shows sufficient proof by appellants that N. H. Hill owned the property in question at the time of his death in 1948, as it was not mentioned in his will nor in any inventory of his estate. Nor do we believe that this matter can be properly presumed; nor can it be presumed, we think, that it was still in N. H. Hill's estate at the time of the death of his mother some four years after his

death, and that it passed from the estate of his mother to appellants.

■ The trial court found, also, that the will of N. H. Hill was not entitled to validity as a foreign will offered for probate in this state; this because the record shows that the will was made in Mississippi and its validity passed on by a Tennessee court, rather than a Mississippi court. We do not believe that such is entitled to full faith and credit; and it is further apparent from the record that the will did not meet Texas requirements.

■ It has long been the law that he who files a trespass to try title suit has the burden of proof, and such plaintiff must recover upon the strength of his own title—not on any weakness of the defendant's title. Hejl v. Wirth, 161 Tex. 609, 343 S.W.2d 226 and cases cited therein. We do not cite other authorities, as this matter is, by virtue of long-continued judicial enunciation, now considered elementary. Appellants' proof, in our opinion, falls short of this requirement as evidenced by the fact that they rely upon what appears to be presumption, as set forth above, some presumptions depending upon prior presumptions as, for example, that the property was in Mr. Hill's estate at his death and was, therefore, presumed to be in his mother's estate at her death. Appellee rebuts this contention with her testimony that it was agreed by and between Mr. Hill and herself that this property should be and remain hers, and by her further testimony that there was a lost letter to that effect. We are here confronted with an attack on an alleged property settlement between a former husband and wife, which carried within its terms the right to own and profit from the interests herein concerned. It is clear from the record that appellee, without opposition from anyone, used and accepted the benefits of these mineral interests for 28 years after the alleged agreement between her and her first husband. The trial court apparently felt that her testimony as to the agreement between herself and her

first husband was corroborated by the fact that each party did keep the car, as testified to by her, and that each party kept, used and enjoyed the property allocated to such party in the agreement outlined by appellee; and lastly, that no one, until the appellants here (who are descendants of appellee's first husband's mother) contested or contradicted appellee's statement as to the terms of the agreement. The court, in its findings of fact, found that Newman H. Hill and defendant-appellee Irma Griffin made an agreed property settlement as set forth above, and that appellee is and has been, since 1933, the true and lawful owner of the property here in question. We think the trial court was justified in relying on the matters of corroboration set forth above, and that there were sufficient facts to justify these findings hereinabove mentioned. Although appellants attack appellee's right of ownership and possession on the grounds of lack of consideration and the fact that it was an oral agreement, we believe that appellee presented satisfactory proof to the trial court of full performance in that she had performed all that was required of her under the agreement, thus entitling her to her part of the property allocated to her under said agreement. It is apparent that she never made any claim to any of Mr. Hill's property, of any sort or nature whatsoever, located outside of Texas, for the more than 28 years after the agreement and until this suit was brought. She never tried to use or draw upon any of the bank accounts, or to take possession of any of the property of any sort whatsoever outside of the State of Texas. Therefore, we believe that the trial court was correct in holding that such an agreement existed and was fully carried out by both parties, with the result that the title and possession of the interests here involved became vested in appellee.

Therefore, in summation, we hold that the decision of the trial court should, in all things, be affirmed because there was sufficient corroboration and evidence to prove the existence of an agreement between appellee and N. H. Hill involving the property here in question, and that such agreement was faithfully carried out and fully performed by both parties and that, as a result, appellee has become the rightful owner and possessor of these royalty and mineral interests. We also feel that appellants, as plaintiffs in this trespass to try title suit, were not able and did not fulfill the burden that the law places upon one who files such a suit. We do not believe that appellants were able to show or prove the strength of their own title; as, for example, the will of N. H. Hill was not a proper muniment of title recorded in Winkler County, Texas, nor is there any evidence other than presumption—and presumption on presumption—that this property remained in the estate of N. H. Hill and descended to appellants upon the death of Hill's mother, to whom he had left his estate in his will. It is obvious that Hill lived in Tennessee and was not a resident of Mississippi, but was merely a patient there in a Veterans' hospital when he died. We have no construction or validation of this will by the courts of the state wherein the will was made and executed. We therefore hold and believe that plaintiffs failed to show title in themselves; that appellee did show the right of possession and title in herself. This being true, the trial court was entirely correct in rendering a "take-nothing" judgment against the plaintiff-appellants. There being no other parties, this leaves appellee in the position of being the rightful owner and possessor of these mineral interests.

Appellants' points of error are accordingly all overruled and the decision of the trial court is in all things affirmed.

PRESLAR, J., not sitting.